IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAYLEN DERRELL HARRIS, #131657                                          PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 5:13-cv-200-DCB-MTP

RAYMOND BYRD, et al.                                                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate incarcerated at the Wilkinson County Correctional Center, Woodville, Mississippi, filed on October 17, 2013, the instant complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On October 18, 2013, two orders [3, 4] were entered in this case. One order directed Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, within 30 days. The other order directed Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within 30 days. Plaintiff was warned that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the orders could lead to the dismissal of his complaint. Plaintiff failed to comply with both of these orders.

The Court then entered on December 17, 2013, an Order to Show Cause [5] directing Plaintiff to show cause, on or before January 7, 2014, why this case should not be dismissed for his failure to comply with the Court's orders [3, 4] of October 18, 2013. In addition, Plaintiff was directed to comply with the previous orders by filing the required documentation, on or before January 7, 2014. The Show Cause Order [5] warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the order could lead to the dismissal of his complaint. Plaintiff failed to comply with the Show Cause Order.

Because Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with

the Court's orders prior to the summary dismissal of this case. On January 22, 2014, a Second and Final Order to Show Cause [6] was entered in this case. Plaintiff was directed to show cause, on or before February 14, 2014, why this case should not be dismissed for his failure to comply with the Court's orders [3, 4, 5] of October 18, 2013, and December 17, 2013. In addition, Plaintiff was directed to comply with the previous orders by filing the required documentation, on or before February 14, 2014. The Second Order to Show Cause warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the order would lead to the dismissal of his complaint without further notice. Plaintiff did not comply with the Second and Final Order to Show Cause.

Plaintiff has not contacted this Court since October 17, 2013. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Plaintiff has failed to comply with four Court orders [3, 4, 5, 6]. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with

the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

    A Final Judgment in accordance with this Memorandum Opinion will be entered.

    This the __4th__ day of March, 2014.

                                      _s/David Bramlette_
                                      UNITED STATES DISTRICT JUDGE